Mr. Oscar Stilley Attorney at Law Central Mall Plaza, Suite 516 5111 Rogers Avenue Fort Smith, Arkansas 72903
Dear Mr. Stilley:
This is in response to your request, pursuant to A.C.A. §7-9-107, for certification of the following popular name and ballot title:[1]
(Popular Name)
EDUCATION VOUCHER AMENDMENT
(Ballot Title)
 AN AMENDMENT TO THE ARKANSAS CONSTITUTION TO PROVIDE THAT PARENTS OR LEGAL GUARDIANS MAY SELECT ANY EDUCATIONAL PROVIDER THEY CHOOSE; REQUIRING THE STATE TO PROVIDE VOUCHERS REDEEMABLE FOR CASH TO PARENTS CHOOSING PRIVATE EDUCATION, PER STUDENT IN GRADES 1-12, IN THE FOLLOWING PERCENTAGES: FOR THE SCHOOL YEAR ENDING MAY, 1996, 30% OF AVERAGE ANNUAL PER PUPIL STATE EXPENDITURES, FOR THE SCHOOL YEAR ENDING MAY, 1997, 50% OF SUCH EXPENDITURES, FOR THE SCHOOL YEAR ENDING MAY, 1998, 70% OF SUCH EXPENDITURES, FOR THE SCHOOL YEARS ENDING MAY, 1999, AND THEREAFTER, NO LESS THAN 75% OF AVERAGE ANNUAL PER PUPIL EXPENDITURES; REQUIRING THE STATE TO CONDITION SUCH PAYMENTS UPON PROOF OF SATISFACTORY ACADEMIC PERFORMANCE ONLY, AS EVIDENCED BY ANNUAL TESTING; DECLARING FAILURE TO PAY WITHIN A REASONABLE TIME AFTER SUCH PROOF AN ILLEGAL EXACTION; PROVIDING THAT SUCH VOUCHERS OR CASH ARE NOT TAXABLE INCOME; PROHIBITING STATE REGULATION EXCEPT FOR MINIMALLY RESTRICTIVE LAWS NECESSARY FOR HEALTH AND SAFETY, OR FRAUD PREVENTION, WHICH DO NOT UNDULY BURDEN OR HARASS PRIVATE EDUCATIONAL PROVIDERS; REQUIRING THE LEGISLATURE AND STATE AND LOCAL RULE MAKING BODIES TO MAKE NECESSARY LAWS AND RULES TO ENFORCE THIS AMENDMENT; REPEALING ALL CONTRARY LAWS AND CONSTITUTIONAL PROVISIONS; MAKING THE AMENDMENT SELF EXECUTING AND EFFECTIVE ON PASSAGE, AND FOR OTHER PURPOSES.
The Attorney General is required pursuant to Section 7-9-107 to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire petition may be rejected.
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment or likelihood that it will accomplish its stated objective. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed initiative.
The purpose of my review and certification is to insure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the proposed amendment. See ArkansasWomen's Political Caucus v. Riviere, 282 Ark. 463, 466,677 S.W.2d 846 (1984). The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734,233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions which might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining its sufficiency. Id.
A ballot title must include an impartial summary of the proposed amendment which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417,316 S.W.2d 185 (1958); Becker v. Riviere, 270 Ark. 219, 223, 226,604 S.W.2d 555 (1980). It has been stated that the ballot title must contain any information that would "give the elector `serious ground for reflection'". Finn v. McCuen, 303 Ark. 418,798 S.W.2d 34 (1990), citing Gaines v. McCuen, 296 Ark. 513,758 S.W.2d 403 (1988). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990) citing Leigh v.Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Applying these precepts, it is my conclusion that the popular name submitted fulfills the requirements discussed above. It is hereby approved as submitted. In my judgment, however, a more suitable, complete and correct ballot title should be substituted for the one proposed. The following ballot title is hereby certified in order to insure that, when construed together, the popular name and ballot title accurately set forth the purpose of the amendment being referred:
(Ballot Title)
 AN AMENDMENT TO THE ARKANSAS CONSTITUTION TO PROVIDE THAT PARENTS OR LEGAL GUARDIANS MAY SELECT ANY EDUCATIONAL PROVIDER THEY CHOOSE; REQUIRING THE STATE TO PROVIDE VOUCHERS REDEEMABLE FOR CASH TO PARENTS CHOOSING PRIVATE EDUCATION, PER STUDENT IN GRADES 1-12, ACCORDING TO THE FOLLOWING SCHEDULE: FOR THE SCHOOL YEAR ENDING MAY, 1996, THE CASH VALUE OF EACH VOUCHER SHALL EQUAL 30% OF AVERAGE ANNUAL PER PUPIL STATE EDUCATIONAL EXPENDITURES, FOR THE SCHOOL YEAR ENDING MAY, 1997, 50% OF SUCH EXPENDITURES, FOR THE SCHOOL YEAR ENDING MAY, 1998, 70% OF SUCH EXPENDITURES, FOR THE SCHOOL YEARS ENDING MAY, 1999, AND THEREAFTER, EACH VOUCHER SHALL EQUAL NO LESS THAN 75% OF AVERAGE ANNUAL PER PUPIL STATE EDUCATIONAL EXPENDITURES; DEFINING THE TERM" AVERAGE PER PUPIL STATE EDUCATIONAL EXPENDITURE" TO INCLUDE FUNDS DERIVED FROM LOCAL TAXES; REQUIRING THE STATE TO CONDITION THE REDEMPTION OF SUCH VOUCHERS UPON PROOF OF A PUPIL'S SATISFACTORY ACADEMIC PERFORMANCE ONLY, AS EVIDENCED BY ANNUAL TESTING; DECLARING FAILURE TO PAY WITHIN A REASONABLE TIME AFTER SUCH PROOF AN ILLEGAL EXACTION; PROVIDING THAT SUCH VOUCHERS OR CASH REDEMPTIONS ARE NOT TAXABLE INCOME; PROHIBITING STATE REGULATION OF PRIVATE EDUCATIONAL PROVIDERS EXCEPT FOR MINIMALLY RESTRICTIVE LAWS ESSENTIAL FOR HEALTH AND SAFETY OR FRAUD PREVENTION, WHICH DO NOT UNDULY BURDEN PRIVATE EDUCATIONAL PROVIDERS; REQUIRING THE LEGISLATURE AND STATE AND LOCAL RULE MAKING BODIES TO MAKE NECESSARY LAWS AND RULES TO ENFORCE THIS AMENDMENT; REQUIRING A LIBERAL CONSTRUCTION OF THE AMENDMENT IN FAVOR OF PARENTS AND STUDENTS CHOOSING PRIVATE EDUCATION; REPEALING ALL CONTRARY LAWS AND CONSTITUTIONAL PROVISIONS; MAKING THE AMENDMENT SELF-EXECUTING AND EFFECTIVE ON PASSAGE, AND FOR OTHER PURPOSES.
Pursuant to A.C.A. § 7-9-108(c), instructions to canvassers and signers are enclosed herewith.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] A popular name and ballot title for a proposed constitutional amendment on the same topic was certified to you on October 12, 1993, as evidenced by Op. Att'y Gen. 93-322.